G. H. & S. A. R'Y Co. v. W. E. WATSON.

(No. 1330, Op. Book No. 2, p. 608.)

APPEAL from Gonzales County.    Opinion by WINKLER, J.

§ 813. *Market value; when there is none, real value may be shown.* If from the smallness of the place or the scarcity of the article, or other reasons, there is no market price for the property in question, its real value at the time and place must be ascertained as a fact by the jury, taking into consideration what would otherwise have influenced the market price if there had been one, such as price at the place of manufacture, cost of carriage, and a reasonable sum for importer's profit. [Wood's Mayne on Damages, 1st Am. ed. p. 401.]

§ 814. *Common carriers; measure of damages in actions against.* When a common carrier has no notice of the purpose for which property is sent, or of any special purpose in sending it, or that there is a sale depending upon the delivery of it at a specified time, he will only

be liable, in case of delay in the delivery beyond a reasonable time, or the time stipulated in the contract for its carriage, for the difference in value between the property at the time and place it should have been delivered, and its value at the time it was in fact delivered. · If, however, the carrier undertakes to deliver the property within a certain time, to meet the requirements of the shipper, and with knowledge of those requirements, and fails to do ·so, he is liable for more remote losses caused by the delay, and must indemnify the shipper for any special losses in consequence thereof, embracing all such as were anticipated, or might reasonably have been anticipated by the parties as a probable result of a delay under all the circumstances of the case. [Field on Dam. §§ 385, 386, 388, 389.]

§ **815.** *Carrier's failure to transport and deliver is a breach of contract, and not a conversion; owner cannot refuse to receive property, unless, etc.* The carrier's failure to transport and deliver property within a reasonable time is a breach of contract; it is not a conversion, and is not equivalent to a conversion of the goods. The owner cannot therefore refuse to receive them on account of the inexcusable delay, and recover their full value, unless the delay or negligence results in the loss of the goods or destroys their full value. [Edwards on Bailm. § 610.]

March 18, 1882.    Reversed and remanded.